PER CURIAM.
Appellant entered a plea of guilty to a charge of an accessory after the fact for robbery and was sentenced to a term of one year in the county jail, with credit for seventy-four (74) days jail time. After having served six (6) months of said term, appellant was to be placed on probation for three (3) years. During the period of probation, an affidavit was filed alleging a violation of probation. Following a hearing on the alleged violation, appellant was found guilty of the violation and his probation was revoked. The appellant was sentenced to two (2) years in State prison with credit for the time spent in jail awaiting the revocation hearing and sentencing, ninety-five (95) days.
The appellant’s probation was properly revoked. However, the appellant urges that the trial court was required to give the appellant credit for the jail time previously served as a condition of probation. State v. Jones, 327 So.2d 18 (Fla.1976). We agree that the appellant should be given credit for the time previously served on the split sentence. Although the record does not reflect what portion of the six-month split sen *53 tence the appellant actually served, the record clearly reveals that the appellant was not given credit for such period, contrary to State v. Jones, supra. Therefore, the judgment is affirmed and the case is remanded for proper sentencing. The trial court shall determine the period of credit time to be allowed attributable to the split sentence and the appellant shall be credited for such time. The appellant need not be present for this purpose.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.