PER CURIAM.
Appellant entered a plea of guilty for the offense of lewd assault on a minor, Section 800.04, Florida Statutes (1975). Appellant was sentenced to two years imprisonment, but the court ordered that the remainder of the sentence should be suspended after appellant served seventy-two (72) days in county jail and appellant was then to be placed on probation for a period of two years. During the period of probation, an affidavit charging a violation of probation was filed. After a hearing on the violation, appellant’s probation was revoked. Appellant was sentenced to ten (10) years imprisonment for the original offense.
*910 The split sentence alternative was approved in State v. Jones, 327 So.2d 18 (Fla.1976). Therein, the court held that upon a violation of probation, the trial court is authorized to impose any sentence which might have been imposed originally. Further, the court held that a defendant must be given credit for the time spent in jail pursuant to the split sentence probation order under 921.161(1), Florida Statutes (1975).
Under State v. Jones, supra, upon revocation of appellant’s probation, the trial court could impose a sentence of ten (10) years. See Section 800.04, 775.082(3)(c), Florida Statutes (1975). However, the court was required to allow appellant credit for the time he served in county jail pursuant to the split sentence. Accordingly, the judgment is affirmed and the cause is remanded with directions to credit appellant with time previously served in jail. Appellant need not be present for this purpose.
MILLS, Acting C. J., and ERVIN and BOOTH, JJ., concur.