396 So.2d 255 (1981)
Jon Michael LUND, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2229.
District Court of Appeal of Florida, Third District.
April 6, 1981.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.

SUBSTITUTED OPINION
PER CURIAM.
The defendant appeals from an order which revoked his probation and imposed the remaining term of his sentence. Because we find a basis supported by the record to warrant revocation, that feature of the order is affirmed. Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978). In imposing sentence, the court indicated that the defendant was to be given credit for time served but did not specify the amount of time that was to be credited against his sentence as expressly required by Section 921.161(1), Florida Statutes (1979); Ennis v. State, 364 So.2d 497 (Fla. 2d DCA 1978). A proper application of Section 921.161(1), supra, mandates that the defendant be given credit for all time served. Baker v. Wainwright, 327 So.2d 8 (Fla. 1976); Gallagher v. State, 300 So.2d 299 (Fla. 4th DCA 1974). However, a defendant, being held on numerous charges is not entitled to have credit for jail time pyramided by being given credit on each sentence as he awaits disposition of multiple and separate charges or cases. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).
*256 For the foregoing reasons, the order revoking the defendant's probation is affirmed but the sentence is reversed and remanded for proper sentencing.
Affirmed in part and reversed in part with directions.