399 So.2d 133 (1981)
Frank Thomas MEINTZER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-201, 79-202.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
*134 Richard L. Jorandby, Public Defender and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Phillip D. Havens and James D. Crock, Asst. Attys. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant was placed on probation for two offenses for a term of five years with the condition that he serve 51 weeks in the county jail. Over a year later his probation in this case was revoked as violated and he was sentenced to four years in prison "with credit for time served since August 17, 1979, only." Apparently appellant was in confinement on the probation violation charge after the August 17, 1979, date. This appeal challenges the sufficiency of the factual basis for the revocation of probation and claims that appellant was denied credit against his prison sentence for the 51 weeks spent in jail as a condition of his probation.
We find there is substantial competent evidence supporting the trial court's finding that appellant violated one or more conditions of his probation and the revocation of his probation is affirmed.
Section 921.161(1), Florida Statutes (1979), requires that the court imposing a sentence allow a defendant credit for all of the time he spent in the county jail before sentence. If, as here, a defendant is first put on probation with the condition that he serve certain time in the county jail and he serves that time and later violates his probation and is then sentenced to prison he is entitled to credit against his prison sentence for the time served in the county jail as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976); Hutchinson v. State, 360 So.2d 1160 (Fla. 1st DCA 1978). Perhaps the trial court gave appellant credit for actual jail time served on the sentence on the other separate and distinct conviction. Or perhaps in this case the trial court in effect gave appellant credit for the 51 weeks of jail time by imposition of a four year prison sentence rather than the maximum fifteen years authorized by section 775.082(3)(c), Florida Statutes (1979), for a violation of section 893.13(1)(a)1, Florida Statutes (1979), the second degree felony to which appellant originally pled guilty. However, credit cannot be given in this manner, see Hernandez v. State, 396 So.2d 809 (Fla. 5th DCA 1981), because it causes a problem when, as here, an appellant contends *135 that he did not receive the credit to which he is entitled under the sentencing statute and we cannot determine from the record before us whether his contention is correct or not. Section 921.161(1), Florida Statutes (1979), specifies that "the credit must be for a specified period of time and shall be provided for in the sentence." In order for an appellate court to determine, when the issue is raised, that a defendant has been allowed credit as required by this statute it is necessary that the sentence show on its face the specified period of time credited. It would be helpful to the trial bench if all sentencing forms specifically provided a place for the insertion of this credit. Another problem is that the determination of credit requires a fact finding as to the actual confinement time in the county jail on the particular charge subject to the sentence. For this reason applications for the correction of sentences to show credit for previous jail time served should be initiated under Florida Rule of Criminal Procedure 3.850 so the trial court can make the necessary factual determination and sentence correction without the necessity of an appeal. In this case while affirming the revocation of probation we remand and request the trial court to make a determination as to whether appellant was in fact incarcerated in jail under the probation condition relating to this case, and, if so, to calculate the credit and amend the sentence to comply with the statute. The defendant need not be present for this nunc pro tunc correction.
AFFIRMED with directions to amend the form of the sentence.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.