403 So.2d 1082 (1981)
Stanley Hillary CALHOUN, Appellant,
v.
STATE of Florida, Appellee.
No. XX-51.
District Court of Appeal of Florida, First District.
September 11, 1981.
*1083 Michael Minerva, Public Defender and Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This appeal is from the trial court's revocation of appellant's probation and subsequent adjudication of guilt of two counts of burglary of a conveyance and sentencing him to two one-year prison terms to run consecutively. We affirm the convictions but remand for determination and credit on the sentence for time appellant was incarcerated on a split sentence and for time spent in the county jail awaiting probation hearings or sentence.
From the record it appears that in April 1977 appellant was arrested on three counts of burglary and three counts of petit larceny. He subsequently pled guilty to two burglary counts, and the remaining counts were nolle prossed. In July 1977 he was adjudged guilty of the two burglary counts and sentenced to two years in the county jail with the provision that after he had served six months, he would be placed on probation for one and half years. Special conditions of probation were that after release from jail, he would reside at an alcohol rehabilitation half-way house and would submit to psychiatric treatment as needed on an out-patient basis.
In August 1978, appellant was arrested on charges of probation violation, and the court thereafter entered an order extending his probation for one year. In April 1979, appellant was again arrested on probation violation charges and subsequently the trial court entered an order directing that appellant be evaluated by the Salvation Army Alcohol Residential Treatment Program in Jacksonville and, if accepted, he would return to the supervision of his probation officer. Then in August 1979, another affidavit and warrant charged probation violation in that appellant had left the Salvation Army Treatment Center without informing his probation officer. In December 1979 the trial court entered an order extending appellant's probation for an additional two years and requiring that appellant reside at the Jacksonville Community Correctional Center for one year with credit for 19 days jail time. Then in January 1980, appellant was again charged with probation violation in that he had not returned to the Jacksonville Community Correction Center after work on January 11, 1980, and was listed as an escapee. He was thereafter arrested on July 3, 1980, and on July 25, 1980, his probation was revoked and he was sentenced to one year "at hard labor" in the county jail on each of the two burglary counts to run consecutively with credit for 23 days jail time on Count I. Appellant contends that *1084 the trial court erred in not giving him credit for the time served in the county jail on the initial split sentence and for all time during which he was thereafter incarcerated during his probation period.
Appellant is entitled to credit on his sentence for the initial six months he served as a condition of his split sentence on probation. State v. Jones, 327 So.2d 18 (Fla. 1976); Rice v. State, 356 So.2d 909 (Fla. 1st DCA 1978). Also appellant is entitled to all time he spent in the county jail on the burglary charges, all time served on warrants charging violation of probation and all time served in the county jail as a condition of probation. DeForest v. State, 356 So.2d 52 (Fla. 1st DCA 1978); Hutchinson v. State, 360 So.2d 1160 (Fla. 1st DCA 1978). Section 921.161(1), Florida Statutes (1979), provides as follows:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence. (Emphasis supplied.)
Appellant contends he is entitled to credit for time in treatment center confinement and confinement in the Jacksonville Community Correctional Center pursuant to the above statute. We do not consider that the treatment centers can properly be classified as confinement in the county jail, and thus the statute does not require that credit be given for such time. We recognize that this ruling as to treatment centers conflicts with the ruling of the Second District Court of Appeal in Johnson v. State, 334 So.2d 334 (Fla.2d DCA 1976). We respectfully disagree with that ruling.
We consider that the Jacksonville Community Correctional Center is an adjunct of the Duval County Jail and that appellant is entitled to credit for the time he was confined there.
Appellant contends, and the state agrees, that there is no longer any provision in Florida law for a sentence to be "at hard labor." We, likewise, agree. See Jabbour v. State, 353 So.2d 202 (Fla.3d DCA 1977).
We have considered appellant's other point on appeal and find it to be without merit.
We remand with directions that the trial court give appellant credit on his sentence as above specified and that the words "at hard labor" be stricken. The judgments and sentences are in all other respects affirmed.
SHIVERS, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.