423 So.2d 603 (1982)
Juan Jose DELGADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1348.
District Court of Appeal of Florida, Third District.
December 21, 1982.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Marti A. Rothenberg, Asst. Atty. Gen., for appellee.
*604 Before HUBBART, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
The order revoking the appellant's probation is affirmed with one modification. The findings in the order under review that the appellant (a) possessed a firearm without the consent of his probation supervisor, and (b) possessed a concealed firearm, are stricken as being unsupported by the evidence. Upon remand in this cause, the trial court shall strike such findings from the order under review. Williams v. State, 375 So.2d 867 (Fla. 2d DCA 1979); Brouillett v. State, 373 So.2d 449 (Fla. 2d DCA 1979).
The sentences imposed in this case are affirmed with one modification. It appears that the appellant may not have been given full credit for the jail time he served on the original split sentences as a special condition of probation. The trial court credited the appellant with 52 days of prior jail incarceration; the record however, seems to support appellant's contention that he served approximately seven (7) months in jail (August 22, 1980  March 20, 1981) on the original split sentences. Upon remand, the trial court should conduct a hearing to determine the time actually served in jail by the appellant on the original split sentences and to give the appellant appropriate credit for this jail time on the sentences under review. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107, 1112 (Fla. 1980); State v. Jones, 327 So.2d 18, 25 (Fla. 1976); Schell v. State, 379 So.2d 444 (Fla. 3d DCA 1980). The appellant need not be present at this hearing upon remand. Meintzer v. State, 399 So.2d 133, 135 (Fla. 5th DCA 1981); DeForest v. State, 356 So.2d 52, 53 (Fla. 1st DCA 1978).
Affirmed as modified and remanded for further proceedings.