446 So.2d 269 (1984)
James Allan ROESCH a/K/a Michael Phillips, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2479.
District Court of Appeal of Florida, Second District.
March 9, 1984.
*270 GRIMES, Acting Chief Judge.
This is an appeal from an order denying in part appellant's rule 3.850 motion to correct his sentence.
In his motion appellant alleges that after he pled guilty to a charge of grand theft, the court placed him on probation for eighteen months with the special condition that he reside in the county jail for 171 days.[1] He further alleges that he was arrested on January 6, 1982, on probation violation charges and was incarcerated until January 30, 1982, at which time the trial court entered an order extending his probation for eighteen months. On April 12, 1982, appellant was arrested on new criminal charges and his probation was temporarily revoked. Appellant was held in jail until July 28, 1982, when his probation was permanently revoked and he was sentenced to a term of five years imprisonment with credit for 144 days jail time. Pursuant to a previous rule 3.850 motion, the court "corrected" appellant's sentence to reflect credit for 147 days of jail time.
Appellant now contends that the trial court erred by not giving him credit for time served in county jail as a condition of probation and by failing to calculate his total time of incarceration during his probation period. Appellant alleges that he was entitled to 301 days of jail credit. The trial court in its order on the instant motion gave the appellant an additional seventeen days credit, stating that from the record it appeared appellant was entitled to a total of 164 days credit.
Florida law requires that a court must give a defendant credit for any jail time served as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976); Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979). Hence, if appellant's allegations are true, he is entitled to credit for at least 171 days spent in jail (time served) as a condition of his probation. Appellant is also entitled to all time served on warrants charging violation of probation, Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981), though he is not entitled to duplication of any credit he may have been given against other sentences. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974). Since we cannot tell how the sentencing court arrived at its conclusion to allow only 164 days of credit time, we reverse and remand for further consideration of this issue. In determining the proper credit time, the trial court should specify the exact dates of appellant's incarceration in order to provide an adequate record should further review be requested.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] Since appellant avers that he had already been incarcerated 171 days at the time he was sentenced, it appears that the trial court was sentencing appellant to time served as a condition of his probation.