DANAHY, Judge.
Appellant, Robert M. Hodges, appeals from sentences entered after judgments upon a jury verdict finding him guilty of three counts of second degree murder, three counts of kidnapping, and one count of racketeering. He also appeals from the judgment entered against him on the racketeering count. Appellant elected to be sentenced under the new sentencing guidelines pursuant to section 921.001(4)(a), Florida Statutes (1983). See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). Appellant received six concurrent terms of life imprisonment for each of the second degree murder and kidnaping offenses and a consecutive term of thirty years’ probation for the racketeering offense. We affirm in part and reverse in part.
Appellant argues several points on appeal in support of his contention that the trial court erred in imposing sentences exceeding the range permitted under the sentencing guidelines without giving written reasons for the departure. We reject appellant’s argument that the points assessed against him were excessive. It is evident from the record that all concerned understood that the sentencing guideline score-sheet prepared in connection with appellant’s case was properly modified during, the sentencing proceeding. See Florida Rule of Criminal Procedure 3.701(d)(1) (trial judge has ultimate responsibility for assuring the accuracy of the scoresheet). Specifically, the transcript of the sentencing hearing reflects that the state reviewed and justified all points assessed in each category against appellant. The final point total clearly placed appellant within the recommended sentencing guidelines range of life imprisonment.
However, although the trial judge correctly sentenced appellant for each of his seven offenses as required by Florida Rule of Criminal Procedure 3.701(d)(12), he effectively sentenced him to a total of life imprisonment plus thirty years’ probation. That was improper. Walker v. State, 458 So.2d 396 (Fla. 1st DCA 1984); Roux v. State, 455 So.2d 495 (Fla. 1st DCA 1984). The total sentence imposed “cannot exceed' the total guideline sentence unless a written reason is given.” Fla.R.Crim.P. 3.701(d)(12). Moreover, when appellant was sentenced on December 20, 1983, Committee Note.(d)(12) provided, as a specific limitation on the permissible total length of a split sentence (i.e., incarceration and probation), that “the total sanction imposed cannot exceed the maximum guideline range.” See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983); Walker v. State; Roux v. State. In appellant’s case, because the maximum guidelines range for each of his offenses is life imprisonment, a sentence of “life plus thirty years” is outside the guidelines. Furthermore, the trial judge gave no reasons, oral or written, for departure from the guidelines.
We find no merit in appellant’s attack on his adjudication for racketeering and, therefore, affirm his conviction for that offense.
Accordingly, we affirm appellant’s sentences to life imprisonment for each of the murder and kidnaping offenses. Further, *557 we affirm his conviction for racketeering, but vacate the sentence imposed on that conviction and remand the same for resen-tencing. On remand appellant should be sentenced for racketeering under the guidelines in effect at the time he was originally sentenced. However, in resen-tencing for the racketeering offense, the trial court cannot exceed appellant’s total recommended sentence of life imprisonment unless it desires to deviate from the recommended range and states reasons for doing so. Fla.R.Crim.P. 3.701(d)(11) and (12); Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984); see Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). If the trial court does impose a sentence which, when coupled with the six sentences we affirm today, results in a total sentence outside the recommended guidelines, either party may appeal after resentencing. § 924.-06(l)(e) and § 924.07(9), Fla.Stat. (1983); Vileta v. State.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GRIMES, A.C.J., and SCHEB, J., concur.