PER CURIAM.
Appellant, Denver Hutchinson, challenges his sentences for second-degree grand theft and burglary of a dwelling entered after the trial court found him guilty of violating probation. We reverse.
Appellant correctly contends that his written sentences exceed the recommended range under the guidelines in effect at the time he was sentenced. Since the trial court did not provide a written reason for departure from the guidelines, we reverse appellant’s sentences and remand for resentencing. Hodges v. State, 460 So.2d 555 (Fla. 2d DCA 1984). At that time the court may impose sentences within the guideline range, or it may deviate from the recommended range upon stating a valid reason for doing so. Hodges.
At resentencing, the court must give appellant credit for all jail time previously served as a part of the sentence. State v. Holmes, 360 So.2d 380 (Fla.1978); Smith v. State, 463 So.2d 494 (Fla. 2d DCA 1985). The record indicates that appellant has served approximately one and one-half years on the grand theft charge prior to violating his probation. Appellant additionally is entitled to credit for any time spent in the county jail before sentence, section 921.161, Florida Statutes (1983), and all time served on warrants charging violation of probation. Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984). Since we cannot tell how the trial court arrived at its conclusion to allow only 227 days of credit time, the court should specify the exact dates of appellant’s incarceration in order to provide an adequate record should further review be requested. Roesch.
Reversed and remanded with instructions.
RYDER, C.J., and DANAHY and SCHOONOVER, JJ., concur.