HALL, Judge.
Appellant James Dale Frizzell challenges a lower court sentence which failed to allow credit for time served as a condition of his original probation. We reverse.
Appellant entered a plea of nolo conten-dere to the charge of forgery. He received probation, a condition of which stipulated eight months in jail. His probation was revoked upon violations of its conditions, and the trial court entered judgment and sentence without allowing appellant credit for the total amount of time served. Appellant correctly contends that the trial court erroneously denied his motion to correct sentence.
Appellant was entitled to credit for jail time served as a condition of his original probation. Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984); Meintzner v. State, 399 So.2d 133 (Fla. 5th ECA 1981); Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979).
Inasmuch as the amount of time actually served by appellant since his original arrest is unclear from a review of the record, the trial court should verify the time served. At resentencing, the court must give appellant credit for all jail time previously served.
REVERSED and REMANDED with instructions.
GRIMES, A.C.J., and DANAHY, J., concur.