475 So.2d 1034 (1985)
Timothy Lee CROSBY, Appellant,
v.
STATE of Florida, Appellee.
Nos. BG-253, BG-265.
District Court of Appeal of Florida, First District.
September 27, 1985.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Crosby appeals the sentence imposed following the trial court's revocation of his probation in the community control program. See sections 958.14 and 948.06(1), Florida Statutes (1983). The trial court sentenced Crosby to eighteen months in prison; Crosby complains that the sentence did not give him full credit for the two years and 350 days he served in prison prior to his having been released to community control. We reverse.
It is suggested by the State, and appears probable on the face of the record, that the trial court imposed a lesser term of incarceration than the four-year maximum allowed by section 958.05(2), Florida Statutes (1983), in order to give Crosby credit for the time already served. This is improper. In revoking Crosby's probation in the community control program, the trial court was required to sentence Crosby in accordance with the Youthful Offender Act, since he was initially sentenced as a youthful offender, and to set forth separately on the sentencing documents the appropriate credit for the time Crosby has already served. Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983); North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656, 665 (1969).
Consequently, the sentence is VACATED and the cause is REMANDED to the trial court for resentencing. Although Crosby may be sentenced up to a maximum of six years, four years to be served by imprisonment and two years in a community control program, the new sentence shall specifically credit Crosby with all time which he has served in connection with the subject charge. James v. State, 443 So.2d 510 (Fla. 1st DCA 1984); but cf. Kirkman v. Wainwright, 465 So.2d 1262 (Fla. 5th DCA 1985), and Harrison v. Wainwright, 408 So.2d 800 (Fla. 5th DCA), rev. den., 419 So.2d 1201 (Fla. 1982).
SHIVERS and WENTWORTH, JJ., concur.