487 So.2d 35 (1986)
Lenden Alvin PENDERGRASS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-213, 85-223.
District Court of Appeal of Florida, Fourth District.
March 12, 1986.
As Modified on Rehearing May 7, 1986.
*36 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is a consolidated appeal of a criminal conviction in a homicide case and of a probation violation. We affirm in all respects except the sentence for violation of probation, which we reverse.
Appellant's original sentence for burglary was four years in prison with credit for time served and a condition that he serve a mandatory one year minimum without possibility of parole. When he was sentenced for violation of probation, the court credited appellant with the 136 days appellant served while on trial for Reggie Cook's death against appellant's one year sentence to be served after his manslaughter sentence, but apparently did not give him credit for 226 days appellant had previously served on the burglary conviction. Appellant contends this is error.
In State v. Holmes, 360 So.2d 380 (Fla. 1978), it was stated that when probation is revoked after a defendant has been sentenced to a period of incarceration followed by a period of probation, the trial court may impose any sentence it could originally have imposed, less jail time previously served as part of the sentence; but no credit is given for time spent on probation. Id. at 383. While this holding in Holmes appears to be an interpretation of section 948.01(4), the same is true as to youthful offenders subject to the terms of section 948.06(1), Florida Statutes (1983).
As a youthful offender convicted of burglary, appellant could receive no more than a total of four years in prison less time already served on the burglary charge. See Roberson v. State, 457 So.2d 1135 (Fla. 4th DCA 1984); Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981). Credit for time already served on the split sentence probation order is also called for by the Florida Supreme Court's opinion in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, 1110 (Fla. 1980).
Based on both the record and mathematical logic, the state maintains the court realized appellant's sentence upon his probation violation could not exceed four years, and knew he had already served time and could serve only about two more years on the burglary-assault conviction. The state also believes the court realized it had to stay within the presumptive guidelines range in sentencing for both the new manslaughter conviction and the violation of probation conviction. The state concludes the sentence for only one more year on the violation of probation was intended as a net sentence after allowing for the time already served on the youthful offender conviction. *37 Such a sentence violates section 921.161(1), Florida Statutes (1983), however, for the sentence must specify the credit for time already served. Lund v. State, 396 So.2d 255 (Fla. 3d DCA 1981).
The appellant thinks his previously served 226 days should on remand be deducted from the year's sentence for violation of probation. The state thinks the court should have the opportunity to resentence in such a manner as to effectuate its intention to require appellant to serve a full year in jail for violating his probation. This will entail moving up one cell from the guidelines for violation of probation, but under rule 3.701 d. 14, Florida Rules of Criminal Procedure, such a departure does not require stating a reason.
The opinion in Toombs v. State, 404 So.2d 766 (Fla. 3d DCA 1981), appears to support the state's position. Appellant calls attention, however, to an opinion of the Fifth District Court of Appeal and cases cited therein. See Kirkman v. Wainwright, 465 So.2d 1262 (Fla. 5th DCA 1985); Harrison v. Wainwright, 408 So.2d 800 (Fla. 5th DCA 1982), review denied, 419 So.2d 1201 (Fla. 1982); and Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). We are persuaded by the reasoning of the latter cases.
Accordingly, we remand so that the trial court will correct the sentence for probation violation, only by granting full and proper credit for time already served. At the same time we certify the following as a question of great public importance:
Whether, when correcting a sentence in which the trial court failed specifically to grant full credit, against the term of imprisonment, for time already served, the trial court may increase the term of imprisonment, within the bound of pertinent rules and statutes, or may only provide proper credit for time already served.
LETTS and GUNTHER, JJ., concur.