WIGGINTON, Judge.
Walker appeals from the sentence imposed following the revocation of his probation contending that the court erred by failing to give him credit for time served on the front end of his sentence, as required, in his opinion, by section 921.161(1), Florida Statutes. We reverse.
On May 31, 1984, Walker entered a plea of nolo contendere to grand theft and was sentenced as a youthful offender to three years’ incarceration, followed by two years’ probation. On April 21, 1986, the trial court entered an order revoking probation, adjudicated appellant guilty of grand theft, and sentenced him to a period of two years to be served consecutively to the term appellant was already serving on the offense underlying the probation revocation. Appellant did not receive credit for the time served while incarcerated on the original split sentence.
The State argues that section 921.161(1) does not allow credit for jail time served in other than county jails prior to sentencing, and thus Walker is not entitled to credit for the state prison time already served. Although we agree that section 921.161 applies solely to credit for time served in a county jail, Kronz v. State, 462 So.2d 450 (Fla.1985), Walker is nonetheless entitled to credit for all time spent in jail pursuant to his original sentence. Hutchinson v. State, 467 So.2d 788 (Fla. 2d DCA 1985); State v. Holmes, 360 So.2d 380 (Fla.1978); State v. Jones, 327 So.2d 18 (Fla.1976).
Although the State argues that this Court, if it agrees with appellant, should vacate the sentence and remand the cause to the trial court for resentencing under Crosby v. State, 475 So.2d 1034 (Fla. 1st DCA 1985), we find the circumstances in Crosby to be distinguishable. In Crosby, it appeared probable on the face of the record that the court imposed a lesser term of incarceration in order to give the defendant credit for the time already served. There is no such appearance on the face of the record in the instant case.
Accordingly, we REMAND the cause with instructions to credit appellant’s sentence with time already served.
ERVIN and FRANK, RICHARD H„ Associate Judge, concur.