COWART, Judge.
After his prior conviction was reversed[1] the appellant pled nolo contendere and was resentenced. The sole contention on this appeal is that the trial court erred in failing to give proper credit for time served pursuant to § 921.161(1), Florida Statutes. This issue should be first raised in the trial court by motion pursuant to Florida Rule of Criminal Procedure 3.850 for the reasons explained in Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). See also Everett v. State, 492 So.2d 861 (Fla. 5th DCA 1986); Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984), rev. denied, 466 So.2d 212 (Fla.1985); Jensen v. State, 449 So.2d 969 (Fla. 5th DCA 1984).[2] The trial court’s judgment and sentence are affirmed without prejudice to the defendant seeking credit for time served by 3.850 motion.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. Deel v. State, 481 So.2d 15 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 831 (Fla.1986).

. Contra Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985), approved as to different grounds, 488 So.2d 532 (Fla.1986); Van Ellis v. State, 455 So.2d 1065 (Fla. 1st DCA), rev. dismissed, 459 So.2d 1041 (Fla.1984).