525 So.2d 901 (1987)
Carla D. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-519.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
On Motion for Rehearing June 2, 1988.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
On Motion for Rehearing En Banc June 2, 1988.
COWART, Judge.
By motion, the appellant claimed before the trial court that while she was given proper credit for time served as to one of her convictions, such credit should have been applied equally as to each of her concurrent sentences. See § 921.161(1), Fla. Stat.; Daniels v. State, 491 So.2d 543 (Fla. 1986); Williams v. State, 507 So.2d 745 (Fla. 5th DCA 1987); Thomas v. State, 503 So.2d 450 (Fla. 5th DCA 1987); West v. State, 497 So.2d 1347 (Fla. 5th DCA 1986). The trial court summarily denied relief to the appellant without an evidentiary hearing.
The determination of the proper amount of credit for time served pursuant to section 921.161(1), as explained in Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981), is a question of fact and normally can only be determined after an evidentiary hearing. Accordingly, we reverse and remand for the trial court to either (1) enter another order which shows by attached portions of the court files and record that appellant received proper credit for all time served before sentencing and is entitled to no relief or (2) conduct an evidentiary hearing to determine the questions of fact necessary to determine the jail time credit to which appellant is entitled under the statute. See Fla.R.Crim.P. 3.850.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.

ON MOTION FOR REHEARING EN BANC
COBB, Judge.
For purposes of clarification, we have reconsidered this case en banc and, to the extent of any inconsistency with the following opinion, we recede from any language *902 in Deel v. State, 508 So.2d 527 (Fla. 5th DCA 1987), and Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981), which suggests that Florida Rule of Criminal Procedure 3.850 is the exclusive remedy for the trial court's failure to properly credit a defendant with presentence jail time.
The appellant, Carla D. Martin, sought relief before the trial court by filing a "Motion to Correct Sentence," setting out the legal argument that she received only 39 days' credit on her initial charge of grand theft, even though she actually was incarcerated for 101 days altogether between arrest and plea on that charge. The written motion did not identify any particular rule of criminal procedure as its basis. It was summarily denied without evidentiary hearing by the trial court and Martin has filed a plenary appeal from that order.
If the issue of credit time should (not merely could) have been raised via a 3.850 motion, as we said in Deel and Meintzer, then the trial court was absolutely correct in its summary denial because the motion below failed to comply with the requirements of that rule. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). The motion failed to state whether an appeal or other post-conviction remedies had been undertaken, Evans v. State, 388 So.2d 1366 (Fla. 5th DCA 1980); Saxon v. State, 384 So.2d 35 (Fla. 5th DCA 1980), and it was not under oath. See Gorham v. State, 494 So.2d 211 (Fla. 1986); Scott v. State, 464 So.2d 1171 (Fla. 1985). However, as we see it, Martin's unsworn motion, signed by her trial counsel, was properly filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which does not contain the procedural requirements of Rule 3.850.[1]
Clearly implicit in the Florida Supreme Court's opinion in Daniels v. State, 491 So.2d 543 (Fla. 1986), is the determination that, as a result of the 1973 legislative amendment of section 921.161(4), Florida Statutes (1973), a sentence is illegal if it fails to allow a defendant credit on all concurrent sentences for all of the time spent in the county jail before sentencing. Consequently, the matter is one which may be raised at any time pursuant to Florida Rule of Criminal Procedure 3.800(a).
Accordingly, we grant rehearing, vacate our prior opinion issued in this case, and recede en banc from our language in Deel and Meintzer suggesting that a 3.850 motion is the only proper vehicle for challenging an illegal sentence.[2] The trial court's order denying Martin's motion to correct sentence is reversed and remanded for further proceedings: i.e., a correction of sentence if there is no factual dispute raised by the motion, or an evidentiary hearing if there is.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, ORFINGER and DANIEL, JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
I dissent from this opinion on rehearing en banc because (1) it is unnecessary and is dicta and (2) the dicta does not express the better view of the issue it addresses.
First, there is no language in Deel or Meintzer to the effect that the "only" or "exclusive" way to obtain jail time credit under section 921.161(1), Florida Statutes, is by use of a motion under Rule 3.850. The issue in Meintzer and the 17 cases following it[1] involved only the question of *903 whether failure to receive statutory jail time credit can be initially raised on direct appeal or whether the issue should be raised by post conviction motion under Rule 3.850. Jail time credit requires the resolution of certain fact issues not usually[2] raised and resolved by the trial court at sentencing. Meintzer explains that because of the necessity to resolve the usual questions of fact, jail time credit cannot normally be effectively raised on direct appeal and should be initiated by use of Rule 3.850, which was a remedy advocated by the State in those cases. Nothing in Meintzer or Deel or the original opinion in this case, Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987), attempts to designate an exclusive rule remedy by which to obtain jail time credit.
Secondly, the opinion on rehearing en banc changes nothing in the result or holding in the panel opinion in the case, Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987).
Thirdly, Daniels v. State, 491 So.2d 543 (Fla. 1986) (which disapproved of Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984)) holds that a defendant is entitled to jail time credit against all concurrent sentences; that decision neither expressly nor by implication holds that, to receive jail time credit against a sentence, that sentence must be held or considered to be "an illegal sentence" within the meaning of that term as contained in Florida Rule of Criminal Procedure 3.800(a) or in Florida Rule of Appellate Procedure 9.140(b)(1)(D). That question was not presented or argued by either party to this appeal and is unnecessary to the disposition in this case. Furthermore, it is itself an unnecessarily restrictive view. As the dissent in Green, 450 So.2d at 1277 n. 1, explained: "A defendant is entitled to both a legal sentence and a credit for jail time credit under § 921.161(1), Fla. Stat." Section 921.161(1), Florida Statutes bestows a substantive right to jail time credit which statutory right cannot be restricted or limited by restrictions and limitations contained in any court-made rule-based remedy. Any motion or petition presenting the essential facts showing the pleader is entitled to statutory jail time credit and requesting or demanding that credit or right is sufficient. All references to particular court rule remedies and all restrictions and limitations on such rule remedies can be, and should be, disregarded as unnecessary and surplusage.
NOTES
[1] Rule 3.800(a) provides:

(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
[2] There are three ways to challenge an illegal sentence: by direct appeal as provided by Florida Rule of Appellate Procedure 9.140(b)(1)(D); by Rule 3.800(a); and, if a prisoner in custody, by Rule 3.850.
[1] Harrison v. Wainwright, 408 So.2d 800 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982); Dowda v. State, 417 So.2d 1147 (Fla. 5th DCA 1982); Jablonskis v. State, 422 So.2d 356 (Fla. 5th DCA 1982); Waite v. State, 423 So.2d 529 (Fla. 5th DCA 1982); Delgado v. State, 423 So.2d 603 (Fla. 3d DCA 1982); Lamar v. State, 443 So.2d 414 (Fla. 4th DCA 1984); Hampton v. State, 446 So.2d 1171 (Fla. 5th DCA 1984); Scott v. State, 447 So.2d 1002 (Fla. 5th DCA 1984); Jensen v. State, 449 So.2d 969 (Fla. 5th DCA 1984); Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984), rev. denied, 466 So.2d 212 (Fla. 1985); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984); Kirkman v. Wainwright, 465 So.2d 1262 (Fla. 5th DCA 1985); Frizzell v. State, 473 So.2d 290 (Fla. 2d DCA 1985); Pendergrass v. State, 487 So.2d 35 (Fla. 4th DCA 1986); Everett v. State, 492 So.2d 861 (Fla. 5th DCA 1986); Deel v. State, 508 So.2d 527 (Fla. 5th DCA 1987); Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987).
[2] Sometimes the facts necessary to establish the defendant's right to jail time credit have been established, such as by stipulation, prior to direct appeal of the sentence, in which event review of denial of jail time credit can be had on direct appeal. See, e.g., Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988); Carroll v. State, 523 So.2d 787 (Fla. 5th DCA 1988).