678 So.2d 433 (1996)
Arnaldo Tomas GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-691.
District Court of Appeal of Florida, Third District.
August 7, 1996.
Arnaldo Tomas Gonzalez, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before NESBITT, JORGENSON and GREEN, JJ.
PER CURIAM.
On April 15, 1994 the defendant pleaded nolo contendere to aggravated battery with a deadly weapon and unlawful possession of a firearm by a convicted felon. The trial court adjudicated him guilty of these offenses and sentenced him to six months community control followed by two years probation.[1] On July 26, 1994, an affidavit of violation of community control was filed. On September 14, 1994 the trial court entered an order finding the defendant had violated his community control and modified his sentence. *434 The community control was to be extended one year from September 14 with a special condition that the defendant serve 43 days in the Dade County Jail, followed once again by two years of probation.
Ultimately, after two more affidavits of community control violations had been filed the trial court, on November 6, 1995, revoked the defendant's amended community control and sentenced him to six years in prison. The court gave the defendant 165 days credit for the time he spent incarcerated before the imposition of this sentence.
On January 29, 1996, defendant filed the instant "Motion for Time Previously Served." On February 15, 1996, the trial court denied the motion. The defendant appeals.
Preliminarily, we note that we treat the defendant's motion as having been filed pursuant to rule 3.800(a) of the rules of criminal procedure. See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987). The only claim made by the defendant with any merit is his contention that he should have received credit against his six year prison sentence for the 43 days he spent in the Dade County jail as a special condition of his community control. Willis v. State, 543 So.2d 343 (Fla. 1st DCA 1989), makes it clear that for purposes of awarding credit for jail time served, there is no difference between incarceration imposed as a condition of probation and incarceration imposed as a condition of community control.
Sentences consisting of a period of probation, or by inference community control, preceded by a period of confinement as a special condition are known as Villery[2] sentences. Poore v. State, 531 So.2d 161, 164 (Fla.1988). Poore makes clear that if a defendant violates his community control in a Villery sentence, the sentencing judge "may impose any sentence he or she originally might have imposed, with credit for time served and subject to the guidelines recommendation." Id. (emphasis added).
Meintzer v. State, 399 So.2d 133, 134 (Fla. 5th DCA 1981), holds: "If, as here, a defendant is first put on probation with the condition that he serve certain time in the county jail and he serves that time and later violates his probation and is then sentenced to prison he is entitled to credit against his prison sentence for the time served in the county jail as a condition of probation." See also Robinson v. State, 502 So.2d 1306 (Fla. 1st DCA 1987); Frizzell v. State, 473 So.2d 290 (Fla. 2d DCA 1985); Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984).
Consequently, the order appealed is reversed and the cause remanded for the court to credit the defendant for the 43 days he served in the county jail as a condition of his community control against the ultimate six year prison sentence he received. Defendant's remaining contentions are without merit.
NOTES
[1] See Skeens v. State, 556 So.2d 1113 (Fla.1990)(authorizing the "stacking" of community control and probation in a single sentence).
[2] Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla.1980).