885 So.2d 411 (2004)
Jonathan FETTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5446.
District Court of Appeal of Florida, First District.
October 15, 2004.
*412 William B. Richbourg, Esq., Pensacola, for Appellant.
Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Jonathan Fettler, appeals from the sentence imposed upon revocation of probation, arguing that the trial court should have credited him for the time he served prior to his entrance into the boot camp program pursuant to the statutes governing youthful offenders and the youthful offenders basic training program, sections 958.04 and 958.045, Florida Statutes. Because the plain language of the statutes supports appellant's arguments, we reverse and remand.
Upon being charged with several criminal counts, appellant initially entered a plea and was placed on probation with a thirty-six month suspended sentence for one count of attempted robbery without a firearm. After violating probation, going through drug court, and violating another term of probation, appellant's probation was revoked and he was sentenced to three years' imprisonment. The trial court then mitigated appellant's sentence and designated him as a youthful offender eligible for boot camp. Appellant successfully completed boot camp and was placed on probation for the remainder of his sentence. Appellant then violated the terms of his probation and entered a plea of nolo contendere. The trial court sentenced appellant to 364 days' imprisonment with credit for 185 days of time served. Appellant argued before the trial court that he was entitled to jail credit for all the time he had previously spent in prison, not merely the time he served in boot camp and while incarcerated awaiting sentencing in the instant case. This appeal followed.
It is well-established in the courts of Florida that when a youthful offender successfully completes boot camp, he may not be sentenced to more than 364 days of incarceration upon a violation of the subsequent period of probation. See, e.g., Mims v. State, 871 So.2d 1003, 1004 (Fla. 1st DCA 2004) (citing §§ 958.04(2)(b), 958.045(5)(c), Florida Statutes (2003)); Blaxton v. State, 868 So.2d 620, 621 (Fla. 2d DCA 2004); Mason v. State, 864 So.2d 1225, 1227 (Fla. 1st DCA 2004); Thomas v. State, 825 So.2d 1032, 1034 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117, 1118 (Fla. 2d DCA 2000).
It is similarly well-established that an appellant is "always entitled to prison credit previously served upon violating the probationary portion of a split sentence." Atkinson v. State, 860 So.2d 982, 984 (Fla. 1st DCA 2003) (citing Layman v. State, 787 So.2d 44, 45 (Fla. 2d DCA 2001)). Furthermore,
when probation is revoked after a defendant has been sentenced to a period of incarceration followed by a period of probation, the trial court may impose any sentence it could originally have imposed, less jail time previously served as part of the sentence .... the same is true as to youthful offenders subject to the terms of [the youthful offenders statute].
Pendergrass v. State, 487 So.2d 35, 36 (Fla. 4th DCA 1986) (citing State v. Holmes, 360 So.2d 380, 383 (Fla.1978)). Interestingly, the State made an argument in Pendergrass similar to the one it makes here, arguing that the appellant's one-year sentence upon revocation of probation was "intended as a net sentence after allowing for the time already served on the youthful offender conviction." 487 So.2d at 36.
Likewise, in the instant case, the State argues that the Legislature's 364-day *413 limitation on the sentence a youthful offender may receive upon violation of probation after successful completion of probation "was already factored into the sentence at issue imposed by the trial court." However, while the result urged by the State may seem reasonable, it is without support by the plain meaning of the statutes or by the case law's interpretation of such. The State has acknowledged that appellant has already served 543 days in prison, and appellant is entitled to have that period of imprisonment credited against his current sentence of 364 days' imprisonment. See, e.g., Mims, 871 So.2d at 1004; Pendergrass, 487 So.2d at 36. Accordingly, appellant's sentence is reversed and remanded for the trial court to credit him for all time previously served.
REVERSED and REMANDED.
DAVIS, LEWIS and POLSTON, JJ., CONCUR.