352 So.2d 161 (1977)
Richard Lee MORGAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-996, 77-997.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant asks us to reverse an order revoking his probation because the court refused to impanel a jury at the revocation hearing on the question of identity.
Appellant previously entered a plea of guilty to two charges of robbery and was placed on probation for concurrent terms of fifteen years. Subsequently, appellant's probation supervisor filed an affidavit charging appellant with having violated his probation by committing another robbery.
At the revocation hearing appellant asked the court to impanel a jury on the factual issue of whether he was the person who had committed the robbery. The request was denied. After the taking of testimony, the court determined that appellant had committed the robbery. Appellant's probation was revoked, and he was sentenced to two consecutive terms of life imprisonment.
*162 In support of his argument that the trial court erred in not impaneling a jury on the question of identity, appellant cites two cases, State v. Cochran, 140 So.2d 597 (Fla. 1962), and Hooks v. State, 207 So.2d 459 (Fla.2d DCA 1968). In Cochran the supreme court observed by way of dictum that in a revocation hearing a defendant might be entitled to a jury trial when he places in issue his identity as the perpetrator of the act allegedly violative of the probation order. In Hooks our court went further and held, as one of several grounds for reversal of a probation revocation order, that the defendant did have a right to a jury trial on the issue of his identity as the person who committed the act for which his probation was sought to be revoked.
Subsequent to our opinion in Hooks, two other district courts of appeal have squarely rejected our view. Bonds v. State, 318 So.2d 521 (Fla.3d DCA 1975); Beasley v. State, 310 So.2d 37 (Fla.4th DCA 1975); Singletary v. State, 290 So.2d 116 (Fla.4th DCA 1974). We now believe it advisable to re-evaluate our position.
At the outset we note that there is very little legal support for the proposition that the defendant is entitled to a jury trial in a revocation proceeding. A few courts have held that a defendant is entitled to a jury determination on identity but only with respect to the question of whether or not he is the same person whom the court originally placed on probation. See State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App. 1968); 24 C.J.S. Criminal Law § 1618(11) (1962). More significantly, the idea of having a jury trial at a probation revocation hearing seems to fly in the face of the whole theory of probation.
A person is placed on probation because even though he has committed a crime, he is believed to be a good risk for rehabilitation. If his subsequent behavior does not live up to the court's expectations, he is then sent to jail to serve a sentence, not for his present conduct, but for the crime of which he was originally convicted. Since the state has the burden of proof at a revocation proceeding, the question of identity could be placed in issue in practically every case. This would unduly complicate the revocation procedure and would inevitably lead to the diminished use of probation as a sentencing alternative.
While a defendant is entitled to certain due process considerations at his probation revocation proceeding, we do not believe that the right to a jury trial is one of them. Accordingly, we hereby recede from that portion of our opinion in Hooks which suggests a contrary view.
We do agree with appellant that there are imperfections in his sentence. The present sentence does not specify the amount of credit for time served which Section 921.161(1), Florida Statutes (1975) requires. Brooks v. State, 349 So.2d 794 (Fla.2d DCA 1977). Moreover, the phrase "at hard labor" in the sentence is improper. Brooks v. State, supra.
The judgment is affirmed, but the case is remanded for the trial court to correct the sentence. The appellant need not be present for this purpose.
SCHEB and RYDER, JJ., concur.