404 So.2d 766 (1981)
Darnell Bethea TOOMBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-2238.
District Court of Appeal of Florida, Third District.
September 15, 1981.
Rehearing Denied October 28, 1981.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
On September 6, 1977, Toombs pleaded guilty to burglary of a dwelling and was placed on probation for four years with the special condition that he be incarcerated for three years.[1] Toombs served the prison term. Toombs then violated a condition of his probation. On October 21, 1980, upon the revocation of Toombs' probation, the trial court imposed a split sentence of one *767 year and one day imprisonment[2] to be followed by three years probation. See § 948.01(4), Fla. Stat. (1979).[3]
Toombs contends that he was entitled to have the three years he served as a special condition of the 1977 probation order credited against the sentence imposed in 1980. See Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981); State v. Jones, 327 So.2d 18 (Fla. 1976).
The State argues that in light of Villery, a trial court should no longer be required to give credit for time served when, upon revocation of probation, it imposes a split sentence.[4] It correctly says that if credit for time served is given, then the use of a split sentence alternative in imposing sentence upon revocation would be completely nullified when the revoked probationer has already been incarcerated for 364 days, since the credit, in every instance, will equal the maximum period of incarceration which under Villery the court can impose when it uses a split sentence alternative. The argument proceeds that because Villery specifically reaffirms the trial court's authority to "impose any sentence which it might originally have imposed before placing the defendant on probation," the trial court is allowed the full range of sentences, including the "split sentence alternatives," and if giving credit for time served would defeat the use of that alternative, credit need not be given.
The problem with the State's argument is that its conclusion flies in the face of Villery's explicit command that "[i]n ... revoking probation and sentencing the probationer, credit must be given for time spent incarcerated pursuant to a split sentence order."[5] Since the giving of credit for time served is the starting point, the proper conclusion to the State's argument is that if giving credit would defeat the use of the split sentence alternative, then credit must be given and the split sentence alternative can no longer be used.
Certainly there is nothing in Villery that prohibits a trial court from again using such an alternative where the probationer whose probation has been revoked has been incarcerated for less than the Villery maximum under the original split sentence imposed.[6] But in the case of Toombs and others who have served 364 days or more, the requirement that credit for time served be given effectively precludes the court from further utilization of a split sentence alternative when imposing sentence for a revocation of probation and leaves the trial court with the power to impose either any straight sentence of imprisonment it might have originally imposed or to place Toombs on probation.[7] In short, when Villery's *768 maximum rehabilitative "taste of prison" has been served, a defendant must either be punished with the main course or be excused from the table.
Our conclusion that Toombs is entitled to credit for time served is, however, unavailing to Toombs, who unquestionably, seeks his release. It is clear from the transcript of sentencing that when the trial court imposed this sentence upon Toombs, it was aware that Toombs had served three years in prison and fully intended that Toombs serve an additional year for having violated his probation. Indeed, the court stated: "This is over and above the time he's served on the initial jail sentence which was I think three years." This oral pronouncement, although not reflected in the written sentence order, controls. See Mays v. State, 349 So.2d 792 (Fla.2d DCA 1977). The oral pronouncement reflects that the trial court believed it had credited Toombs for the time he had served. The problem is simply that the method chosen by the court to implement this credit was inadequate to accomplish the court's purpose. See Morgan v. State, 352 So.2d 161 (Fla.2d DCA 1977); Mays v. State, supra; Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975) (requiring that the written sentence reflect the precise number of days credit for time served). It is apparent that had the trial court imposed a four-year prison sentence on Toombs (who could have been sentenced, under the original offense charged, to up to fifteen years in prison when his probation was revoked) and credited Toombs with the three years served, it would have accomplished its sentencing goal. Since it was so clearly the trial court's intent that Toombs serve an additional year in prison, and since the trial court was empowered to impose a sentence of sufficient length after crediting the time served to carry out that intent, see Stover v. United States, 400 F.2d 360 (9th Cir.1968) (where court could have imposed a twenty-year sentence and stated that the ten-year sentence imposed was in addition to the 69 days spent in jail, no credit for time served would be given), we reject Toombs' argument that the trial court's technical error results in setting Toombs free. We accordingly reverse that portion of the sentence under review incarcerating the defendant for a year and a day and remand this case to the trial court for the imposition of an appropriate sentence of incarceration which will explicitly give to Toombs credit for time served.[8]
Reversed and remanded with directions.
NOTES
[1] This original sentence would be invalid under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), because the incarceration period was in excess of one year. Toombs has already served the prison term and makes no challenge to the original sentence. He remarks only that this original sentence unfairly deprived him of parole eligibility. Of course, had the question not been moot by the time Villery was decided and had Toombs challenged the 1977 sentence, the trial court could have resentenced Toombs so as to afford him that eligibility. See n. 8, infra.
[2] The sentence under review was pronounced prior to the Supreme Court's decision in Villery. The rule of Villery is, however, expressly retroactive. The State, misperceiving Toombs' complaint to be addressed to the split sentence rather than to the failure to credit time served, concedes that the one year and one day term of imprisonment exceeds by two days the incarceration period allowable under Villery v. Florida Parole and Probation Commission, supra, n. 1, which cannot "equal or exceed one year."
[3] Section 948.01(4), Florida Statutes (1979), provides:

"Whenever punishment by imprisonment for a misdemeanor or felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."
[4] Villery groups the split sentence of Section 948.01(4) and incarceration as a condition of probation under Section 948.03(2) together as the "split sentence alternatives." The distinction between these "alternatives," see Lewis v. State, 402 So.2d 482 (Fla.2d DCA 1981), is immaterial to the present appeal.
[5] This statement in Villery is a specific reaffirmation of State v. Jones, supra.
[6] If the revoked probationer has been incarcerated for less than 364 days, then the trial court can use a split sentence alternative, the period of incarceration not to exceed 364 days less the time already served.
[7] The sentence which the trial court might have originally imposed before it first placed Toombs on probation was fifteen years. See §§ 810.02(3), 775.082(3)(c), Fla. Stat. (1975). Thus, upon revocation the trial court could have sentenced Toombs to a term of years up to fifteen with credit for the three years of incarceration already served, State v. Jones, supra; Hutchinson v. State, 360 So.2d 1160 (Fla. 1st DCA 1978), or could have again placed Toombs on probation for a term not to exceed fifteen years, the maximum allowable prison sentence, State v. Holmes, 360 So.2d 380 (Fla. 1978); Green v. State, 392 So.2d 333 (Fla.2d DCA 1981); Townsend v. State, 378 So.2d 1313 (Fla. 1st DCA 1980), from September 6, 1977, the date when the court first placed Toombs on probation. While time served on probation need not be credited against any prison sentence imposed, § 948.06, Fla. Stat. (1975); State v. Holmes, supra, or against any probationary period imposed on revocation, see Townsend v. State, supra, the trial court could not have extended its jurisdiction over Toombs beyond fifteen years, the maximum term of probation which it could have originally imposed. In Toombs' case, probation must end and the trial court's supervision cease no later than September 5, 1992. Cf. State v. Smith, 360 So.2d 21 (Fla. 4th DCA 1978); State v. Sotto, 348 So.2d 1222 (Fla.3d DCA 1977); State v. Evans, 225 So.2d 548 (Fla.3d DCA 1969), cert. denied, 229 So.2d 261 (Fla. 1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970) (only executive, not judiciary, has power to reduce lawful sentence after sixty days from imposition); McRae v. State, 383 So.2d 289 (Fla.2d DCA 1980) (under Section 947.16(3), Florida Statutes (1979), judiciary cannot retain jurisdiction over defendant beyond one-third of maximum sentence of imprisonment imposed).
[8] As we have noted, Toombs' only complaint is that the trial court failed to credit him with time served. Since the trial court's intent was to have Toombs spend an additional year and a day in jail, the technical failure will be cured by a sentence of incarceration of four years and a day with credit for the three years served. Since Toombs has made no attack on the additional term of three years probation, we do not address this part of the sentence. While the probationary period is indisputably open to attack under Villery, we read Villery as requiring our action only upon a defendant's "application to have the illegal order corrected." Since a defendant asking for relief under Villery may run the risk of the trial court imposing a maximum straight time sentence of confinement (putting aside potential jeopardy or punitive enhancement issues which clearly are not before us), it is the defendant who must choose to avail himself of Villery relief, and it is not for us to impose it upon him.