HALL, Judge.
Donna Marie Hyatt appeals her convictions for possession of cocaine, drug paraphernalia, and cannabis. She contends the trial court did not properly credit her for the time she spent in jail on all of the *958 warrants charging her with violating probation and community control. We agree.
Hyatt was originally placed on probation for her convictions. The trial court subsequently found that she violated the terms of her probation and placed her on community control. Hyatt then violated the terms of her community control twice. Upon her fourth violation, she was again placed on community control but with the condition that she spend three hundred and sixty-four days in jail. The trial court refused to give Hyatt credit for time served on any but the last warrant pursuant to which she was arrested. This was error.
Hyatt is entitled to credit against her jail time imposed as a condition of community control for all time she has served since her original arrest for the instant offenses up to her last adjudication of violation of community control. Griner v. State, 523 So.2d 789 (Fla. 5th DCA 1988); Willis v. State, 543 So.2d 343 (Fla. 1st DCA 1989). Since the record is incomplete with regard to just how much time Hyatt served in jail, we remand for a determination of that amount of time and for Hyatt’s jail term to be properly credited with it. We also direct that the written order placing Hyatt on community control be corrected to conform to the trial court’s oral pronouncement of the condition that she spend three hundred and sixty-four days in jail.
RYDER, A.C.J., and FRANK, J., concur.