649 So.2d 279 (1995)
Joe MATHIS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 94-1529, 94-1527.
District Court of Appeal of Florida, Third District.
January 18, 1995.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellee.
*280 Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
Joe Mathis appeals sentencing orders entered upon revocation of community control. We reverse.
In 1992 defendant was arrested for two offenses. He was incarcerated for approximately four and one-half months prior to disposition. Pursuant to a plea agreement, defendant was adjudicated guilty of a first degree misdemeanor in circuit court case no. 92-819 and a third degree felony in circuit court case 92-30304. Defendant was placed on probation which he soon violated. Defendant was then placed on community control which he also violated. Defendant was then sentenced to the legal maximum of one year in jail in case no. 92-819. He was sentenced to five years' probation with a special condition that he serve a 364-day term in county jail in case no. 92-30304. In neither case was defendant awarded credit for time served in county jail for these offenses.
In circuit court case no. 92-819, defendant is entitled to be awarded credit for time served. See § 921.161, Fla. Stat. (1991).
In circuit court case no. 92-30304, the court imposed a five-year probationary term with a special condition that defendant serve 364 days in jail. See § 948.03(5), Fla. Stat. (1991). Such a sentence requires "credit for jail time when a period of incarceration is imposed as a condition of probation." Willis v. State, 543 So.2d 343, 343 (Fla. 1st DCA 1989); see also Springer v. State, 616 So.2d 1105 (Fla. 5th DCA 1993); Hyatt v. State, 605 So.2d 957 (Fla. 2d DCA 1992); Walker v. State, 543 So.2d 343 (Fla. 1st DCA 1989). However, since it is possible to restructure this sentence to carry out the trial judge's intent, see Toombs v. State, 404 So.2d 766 (Fla. 3d DCA 1981), review denied, 412 So.2d 471 (Fla. 1982), we remand so that the trial judge may either grant credit for time served or restructure the sentence as permitted by Toombs. See 404 So.2d at 768.
Defendant also argues, and the State concedes, that the defendant is entitled to have his probationary period credited with time previously served on probation or community control. Such credit is required by the Florida Supreme Court's recent decision in State v. Summers, 642 So.2d 742 (Fla. 1994).[1] The trial court did not, of course, have the benefit of Summers at the time of the defendant's sentencing proceeding. On remand appropriate credit must be allowed in accordance with Summers.
The sentencing orders are reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] Defendant correctly points out that this court's decision in Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989), does not survive Summers.