831 So.2d 762 (2002)
Isiah THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-855.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
*763 Isiah Thomas, Sneads, pro se.
Richard E. Doran, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Isiah Thomas appeals an order summarily denying his motion to correct illegal sentence. This court issued an order to show cause as to one of the issues raised by his motion: the legality of his consecutive sentencing for two counts in L.T. case no. 92-010452, in one of which he was sentenced as a habitual felony offender.[1] Appellant now concedes that this sentencing was not improper. See Nelson v. State, 820 So.2d 309, 310 (Fla. 5th DCA 2001). Accordingly, we affirm as to this ground. We affirm as to the other grounds of appellant's motion without discussion.
In his initial brief, appellant argues that he should not have received a habitual sentence for count II, burglary with an assault or battery, as it is a first degree felony punishable by life, see § 810.02(2)(a), Fla. Stat. (1991), which the trial court was obliged to enhance to a life felony pursuant to section 775.087(1)(a) (use of a weapon). At the time of the offense, which he alleged was August 22, 1992, life felonies were not subject to habitualization. See Lamont v. State, 610 So.2d 435 (Fla.1992).
Such a claim may be raised by a rule 3.800(a) motion. See Carter v. State, 786 So.2d 1173 (Fla.2001). However, this ground for relief was not presented to the trial court within the instant motion. Thus, this court's affirmance is without prejudice to Appellant's raising it in a subsequent rule 3.800(a) motion.
STEVENSON and HAZOURI, JJ., concur.
FARMER, J., concurs in result only.
NOTES
[1] In L.T. case no. 92-10452, following a jury trial, Appellant was convicted of sexual battery with a weapon and burglary with assault or battery. He was sentenced to life in prison on the first count, and to life in prison as a habitual felony offender on the second count, consecutive to the first count.