949 So.2d 1207 (2007)
Lee BEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2684.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
*1208 Lee Bean, Mayo, pro se.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Lee Bean appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. In his motion, Bean raised three claims for relief, challenging several habitual felony offender sentences imposed pursuant to a plea in 1992. The circuit court did not attach any records to refute Bean's claims. Bean now concedes he is not entitled to all the relief originally sought  specifically, with respect to claims 1 and 3. We therefore deem these claims abandoned and affirm their denial. However, we reverse and remand for the trial court to refute the appellant's second claim with appropriate record attachments or to correct appellant's sentence if appropriate.
In his second claim, Bean alleged that his sentence of fifty years as a habitual felony offender for burglary of a dwelling with assault or battery (in case no. 91-4784) while armed is illegal. Bean correctly alleged that a violation of section 810.02(2), Florida Statutes (1991) is a first degree felony, which the trial court was obliged to enhance to a life felony pursuant to section 775.087(1)(a) (use of a weapon), and that, at the time of the offense, life felonies were not subject to habitualization. See Thomas v. State, 831 So.2d 762 (Fla. 4th DCA 2002). The state agrees this claim is cognizable, but contends that Bean is not entitled to relief because he failed to attach the required sentencing records to his motion. We reject this argument. In denying a legally sufficient 3.800(a) motion, the trial court's failure to attach portions of the record refuting the defendant's claim is reversible error, and the state cannot cure this error by providing the records to this court on appeal. *1209 Collins v. State, 805 So.2d 73 (Fla. 4th DCA 2002).
Finally, the state suggests that the doctrine of laches should apply, noting that Bean filed the instant motion approximately fourteen years after he was sentenced. Laches is sustainable in a criminal case where there has been both a lack of due diligence on the defendant's part in bringing forth the claim and prejudice to the state. Wright v. State, 711 So.2d 66 (Fla. 3d DCA 1998). While Bean offers no explanation for his delay in bringing the claim, there is no apparent prejudice to the state. Cf. Wright ("[t]he prejudice to the State is likewise apparent as court transcripts are routinely destroyed after 10 years and the State now has no transcript in existence to refute, or prove, Wright's claim"). Furthermore, a claim of illegal sentence is one that can be raised at any time. See Fla. R.Crim. P. 3.800(a).
Affirmed in part, reversed in part, and remanded.
POLEN, KLEIN and SHAHOOD, JJ., concur.