959 So.2d 1260 (2007)
Jon Barri BROTHERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1058.
District Court of Appeal of Florida, Third District.
July 5, 2007.
Bernard F. Daley, Jr., Tallahassee, and Stephen P. Tourtelot, St. Petersburg, for appellant.
Bill McCollum, Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
*1261 PER CURIAM.
Jon Barri Brothers appeals from an order on his Rule 3.800(a) motion which without explication granted him only an "additional" five days, out of the 1,402 or alternatively the 1,164 additional days that he sought, in credit for time served while in jail. While a review of the voluminous motions and responses provided by Brothers would permit us to cobble together some of the credits accorded to Brothers to date, on the record provided, we cannot determine whether the additional five days granted resolves his claim in full.[1]
On appeal, this court must reverse unless the records attached to the lower court's order conclusively demonstrate that the defendant is not entitled to the requested relief. See Bean v. State, 949 So.2d 1207, 1208 (Fla. 4th DCA 2007) ("In denying a legally sufficient 3.800(a) motion, the trial court's failure to attach portions of the record refuting the defendant's claim is reversible error, and the state cannot cure this error by providing the records to this court on appeal."); Langdon v. State, 947 So.2d 460, 460-61 (Fla. 3d DCA 2007) (reversing the summary denial of the defendant's rule 3.800(a) motion because the trial court "did not attach to its order portions of the transcript conclusively demonstrating that defendant waived entitled to credit for time served in prison"); Perez-Boza v. State, 943 So.2d 291, 291 (Fla. 3d DCA 2006) ("On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D)."). In this case, nothing is attached to the order to guide us in our review. We therefore reverse the order on appeal and remand for entry of a new order supported by record attachments.
Reversed and remanded with instructions.
NOTES
[1] Brothers claims in his motion to entitlement to 883 days credit for time served during his initial incarceration in this case from March 26, 1993 through August 29, 1995. He also claims entitlement to an additional 519 days (from September 19, 1997 when he was jailed in West Palm Beach on charges in that county through February 19, 1999 when he was sentenced for violating his probation in this case) or alternatively to an additional 281 days (from May 15, 1998 when he started serving his sentence on the West Palm Beach charges through February 19, 1999 when he was sentenced for violating his probation in this case).

It appears that the five additional days credited in the order currently on appeal, when added to 166 days accorded in a February 19, 1999 order, gives Brothers all of the credit that he is entitled to for that period when he was jailed following his arrest in West Palm Beach through sentencing for violation of probation in this case (that is, 171 days from September 1, 1998 when he finished serving his sentence in the West Palm Beach case through February 18, 1999 when he was sentenced for violating probation in this case).
The order does not, however, grant Brothers any credit for the 883 days he claims to be due for the period of time that he was initially incarcerated on the Miami-Dade County charges, that is (and as evidenced by a CJIS print out), from March 26, 1993 through August 29, 1995. Although the parties' submissions indicate that an order dated February 9, 2000 granted Brothers "two years credit for time served," or 730 days, the current order neither attaches that order nor indicates whether that order covers the currently claimed 883 days. The order also does not attach anything from which we might discern whether Brothers is entitled to any additional credits (that is, to an additional 153 days representing the difference between the 883 days allegedly due and the 730 days allegedly accorded).