COPE, J.
 

 This is an appeal of an order denying the motion of Brian Wilson for postconviction relief under Florida Rule of Criminal Procedure 3.850 claiming entitlement to additional credit for time served.
 
 *
 
 We remand for further proceedings.
 

 The defendant entered into a plea agreement wherein he admitted to a violation of probation in exchange for a four year sentence with credit for all time served. Twice during the plea colloquy, the court stated that the defendant would receive credit for all time served. At the conclusion of the plea colloquy and after defendant was sentenced, the judge, in response
 
 *523
 
 to a question, said, “You have been sentenced to four years in state prison with credit for all time served which will be from February what?” In response, the corrections officer stated “February 1st.” Thereafter, the court stated, “From February 1st to the present day you will receive credit for all that time that you have been incarcerated.” The court then awarded defendant 46 days credit for jail time. In reality, however, the defendant was previously incarcerated on the same cases.
 

 In his Rule 3.850 motion, the defendant claims he is entitled to a total of 274 days credit for time served. The trial court denied relief, and the defendant has appealed.
 

 When the plea agreement was accepted by the court, the court twice said the defendant would receive credit for all time served. At the conclusion of the plea colloquy, the court made an erroneous assumption that the calculation should be performed for the time defendant was in custody since February. In reality, defendant had been incarcerated at earlier stages of the case and under the plea agreement was entitled to credit for all time served.
 

 We distinguish
 
 Joyner v. State,
 
 988 So.2d 670 (Fla. 3d DCA 2008),
 
 Johnson v. State,
 
 974 So.2d 1152 (Fla. 3d DCA 2008), and
 
 Hines v. State,
 
 906 So.2d 1137 (Fla. 3d DCA 2005). In those cases, the negotiated plea agreements called for credit for time served from a date certain. Where that is the case, the plea agreement is enforceable as such a contract amounts to a waiver of time served prior to a negotiated date. In this case, the agreement contemplated credit for all time served. The judge simply made an error in calculation. Therefore, we remand with instructions to the trial court to determine, and award, the total amount of credit for all time served. In light of this ruling, the defendant’s second point is moot.
 

 Reversed and remanded for further proceedings consistent herewith.
 

 *
 

 While a motion seeking additional credit for time served is normally brought pursuant to Florida Rule of Criminal Procedure 3.800(a), the claim is also cognizable under Rule 3.850 where it is filed within two years of the date of sentencing. Here, the defendant's Rule 3.850 motion was timely filed.