ROTHENBERG, J.
Tyrone Walker (“the defendant”) appeals the denial of his motion to correct his sentence filed pursuant to rule 3.800(a). Because we conclude that the trial court meant to award, and the defendant was entitled to receive, all credit for the time he served while housed in the county jail and at forensic hospitals during the pen-dency of his case, we reverse with instructions to correctly calculate the time served and to amend the judgment and sentence accordingly.
We recognize that this Court has, in certain limited circumstances, permitted the trial court to restructure the sentence on remand to effectuate the trial court’s stated sentencing intent. See Mathis v. State, 649 So.2d 279 (Fla. 3d DCA 1995); Toombs v. State, 404 So.2d 766 (Fla. 3d DCA 1981). However, in this case, because the transcript of the sentencing hearing does not reflect the trial court’s original sentencing intent, we conclude that the Mathis and Toombs line of cases do not apply. Thus, the proper remedy on remand in this case is a recalculation of the total days served and credit for the time served on the instant sentence. See Wilson v. State, 13 So.3d 522 (Fla. 3d DCA 2009) (finding that where the trial court awards all credit for time served but miscalculates it, the proper remedy is to correct the miscalculation).
We instruct the trial court to expedite the recalculation of credit for time served; the amendment of the judgment and sentence; and the resubmission of the amended sentence to the defendant and the Department of Corrections. This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing
Reversed and remanded.