PER CURIAM.
Jean E. Reeves (Defendant) appeals an order summarily denying her rule 3.800(a) motion to correct illegal sentence. We affirm.
First, a challenge to the voluntariness of the plea is not cognizable in a rule 3.800(a) motion. Second, a habitual felony offender sentence may be imposed, consecutive to a guidelines sentence, without violating Hale.[1] Gipson v. State, 616 So.2d 992 (Fla.1993) (approving Second District’s decision affirming imposition of two concurrent guidelines sentences, to be served consecutively to defendant’s several HFO sentences); Thomas v. State, 831 So.2d 762 (Fla. 4th DCA 2002) (noting that consecutive sentencing on two counts was not improper where defendant was sentenced as habitual offender on only one of them); Lafleur v. State, 661 So.2d 346, 349 (Fla. 3d DCA 1995) (vacating habitual sentences for life felonies, which did not then qualify for habitual sentencing, and directing trial court on remand to impose guidelines sentences for them, which properly could be imposed consecutively to the remaining two concurrent habitual sentences).
As Defendant repeatedly has raised these same or similar grounds, all which have been denied, and the denials affirmed on appeal, we warn her that filing frivolous actions or appeals may result in sanctions, State v. Spencer, 751 So.2d 47 (Fla.1999), and/or referral to prison officials for consideration of disciplinary procedures which may include loss of gain time. § 944.279(1), Fla. Stat. (2011); § 944.28(2)(a), Fla. Stat. (2011).

Affirmed; Appellant cautioned against frivolous filing.

MAY, C.J., TAYLOR and LEVINE, JJ., concur.

. Hale v. State, 630 So.2d 521 (Fla.1993) (holding habitual offender statute did not authorize imposition of consecutive habitual felony offender sentences for multiple crimes committed during single criminal episode), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).