# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2134
Lower Tribunal No. 02-4050
_____


**Nelson Vladimir Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Nelson Vladimir Gonzalez, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.


Before SHEPHERD, EMAS and LOGUE, JJ.

EMAS, J.

Nelson Vladimir Gonzalez seeks review of the trial court's denial of his motion to correct sentence. We hold that the trial court erred in not properly awarding Gonzalez the credit for prison time he previously served on his probationary split sentence. Further, given the clear and unequivocal intent of the trial court, as articulated in the sentencing hearing below, we reverse and remand so that the trial court may restructure the sentence to reflect the trial court's articulated sentencing goal, while properly awarding the prison credit to which Gonzalez is entitled.

The salient facts are not in dispute. In May 2004, Gonzalez entered into a negotiated plea, and received a probationary split sentence of ten years' imprisonment, followed by ten years of probation. In August 2010, Gonzalez was released from the incarcerative portion of his sentence, and began serving his probation. Gonzalez thereafter violated his probation and, following a probation violation hearing, the trial court revoked his probation and sentenced him to fifteen years in prison. In imposing this sentence, the trial court awarded credit of approximately seven months from December 4, 2012 (the date he was taken into custody on the probation violation) until June 25, 2013 (the date of the sentencing). Had the court awarded Gonzalez all credit due (i.e., the approximately seven months described above plus the six years and three months he previously served in prison), Gonzalez would have been credited approximately six years and ten

2

months against his fifteen-year sentence (resulting in a "net" sentence of approximately eight years and two months).

As the State properly concedes, the failure of the trial court to award all of the prior prison credit was error. Gonzalez was entitled to receive credit not only for the time he spent in the county jail awaiting his probation violation hearing, but was entitled to credit for the time he previously spent in prison on his probationary split sentence:

> A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless such credit is waived. The defendant is entitled to such credit even when it results in a "windfall" requiring immediate release.

Dortly v. State, 107 So. 3d 1229, 1230 (Fla. 1st DCA 2013) (internal citations omitted). See also Sainvilus v. State, 689 So. 2d 1261, 1261-62 (Fla. 3d DCA 1997) (holding that "[a] prisoner who is sentenced to prison for violating probation is entitled to credit for time actually served in prison, prior to commencement of the probationary term").

The trial court should properly have awarded Gonzalez a total credit of approximately six years and ten months. Nevertheless, the State urges that the circumstances of this case, clearly and unequivocally established by the record below, militate against merely reversing and remanding with directions to award Gonzalez the additional credit and that we should instead remand to direct the trial

3

court to award the proper credit while permitting the trial court to restructure the sentence to carry out its expressly articulated sentencing goal. Based upon our review of the record below and the case law in our district, we agree.

Our conclusion is controlled by this court's decision in <u>Toombs v. State</u>, 404 So. 2d 766 (Fla. 3d DCA 1981). In <u>Toombs</u>, as here, the defendant entered a plea and was sentenced to a prison term to be followed by probation. He served three years in prison and upon his release, violated his probation. Following a revocation hearing, Toombs was found in violation and sentenced to a year and a day, but the court did not award any credit for the prison time Toombs had previously served. Although we held that as a matter of law Toombs was entitled to credit for the three years he had previously served, it did not mean (as Toombs argued) that he was therefore entitled to release given the court's sentence of a year and a day in prison. Instead, we observed:

> It is clear from the transcript of sentencing that when the trial court imposed this sentence upon Toombs, it was aware that Toombs had served three years in prison and fully intended that Toombs serve an additional year for having violated his probation. . . . It is apparent that had the trial court imposed a four-year prison sentence on Toombs (who could have been sentenced, under the original offense charged, to up to fifteen years in prison when his probation was revoked) and credited Toombs with the three years served, it would have accomplished its sentencing goal. Since it was so clearly the trial court's intent that Toombs serve an additional year in prison, and since the trial court was empowered to impose a sentence of sufficient length after crediting the time served to carry out that intent, . . . we reject Toombs' argument that the trial court's technical error results in setting Toombs free.

4

Id. at 768.

In Toombs, we reversed the sentence and remanded the case to the trial court to award the proper amount of credit for time previously served by Toombs, and to permit the trial court to impose a restructured sentence consistent with the trial court's clearly and unequivocally articulated original sentencing goal. See also Mathis v. State, 649 So. 2d 279 (Fla. 3d DCA 1995) (reversing sentence that did not properly award credit for time served but remanding to award proper credit and to permit trial court to restructure sentence to carry out the trial court's clear sentencing intent).[1]

Gonzalez contends that Toombs does not apply because the proper award of credit in this case will not result in Gonzalez's immediate release. We disagree. While it surely may be easier to conclude that a trial court's clear sentencing goal cannot be met where a proper award of credit results in a defendant's immediate release, such circumstances are but a factor in the analysis. At bottom, the focus of the analysis is on whether the record clearly and unequivocally establishes the trial court's articulated sentencing goal and whether that goal is undermined by a reversal and remand for the sole purpose of awarding proper credit for time previously served. Where the record clearly and unequivocally establishes the trial

---

[1] We recognize that the Fourth District, in Pendergrass v. State, 487 So. 2d 35 (Fla. 4th DCA 1986), declined to follow the reasoning of our decision in Toombs. We certify express and direct conflict with Pendergrass.

court's articulated sentencing goal and further establishes that this goal would be undermined by a reversal and remand for the sole purpose of awarding proper credit for time previously served, we hold, consistent with Toombs, that the proper remedy is to reverse the sentence and remand with directions that the court properly award the credit while permitting the trial court the opportunity to restructure the sentence to achieve its clear and unequivocal sentencing goal as articulated at the original sentencing.

An objective review of the sentencing transcript leaves no reasonable doubt about the court's intent in sentencing the defendant. At the commencement of the sentencing hearing, the trial court asked the State what Gonzalez's minimum sentence was under the guidelines. The State advised the bottom of the guidelines was 25.375 years.[2] The court inquired if the State had made a plea offer to Gonzalez prior to the probation violation hearing, and the State acknowledged it had. The following transpired:

COURT:   And you offered what [plea prior to the probation violation hearing]?

STATE:   I offered six years to revoke everything.

_____

[2] As indicated earlier, however, the 2004 negotiated plea was to a below-guidelines sentence of ten years in prison followed by ten years of probation. The minimum sentence under the guidelines was approximately twenty-four years. The State indicated that the difference between the two guidelines' calculations (twenty-four years in 2004 and 25.375 in 2013) is the result of additional points for Gonzalez's violation of probation.

6

COURT:     With credit for time served so he gets right back out?

STATE:     No, I believe that I had spoken with . . . defense counsel about [credit time served] from the last booking date, and the last booking date that I had written down and articulated was---

COURT:     12/4 of '12.

STATE:     Yes.

The court then asked if the State had a sentencing recommendation now that Gonzalez had been found in violation of his probation. The State advised the court that it believed (even after the probation violation hearing) that a sentence of between seven and eight years was appropriate.  It is clear from the State's sentencing position that it was recommending a "net" sentence of between seven and eight years, akin to the earlier net sentence of six years it offered to Gonzalez prior to the probation violation hearing (i.e., a sentence which included credit only from the last booking date of December 4, 2012).  It is plainly evident the State was not recommending a sentence of seven to eight years with _all_ credit for time served, (i.e., approximately six years and ten months) which would have reduced the State's recommended sentence (of between seven and eight years) to a net sentence of between two and fourteen months.  More importantly, and as the discussion below evidences, the trial court understood the State to be recommending a net sentence of seven to eight years, a recommendation which the trial court rejected in unmistakable terms.

7

After the State set out its position of a net sentence of seven to eight years, the court and State engaged in a further colloquy about this recommendation. The court then heard from Gonzalez's counsel and from Gonzalez himself. Following this, the court explained its decision and announced its sentence:

COURT: Okay. Thank you, sir [Mr. Gonzalez]. You were— remain standing. You were given a tremendous chance when this crime was committed and what you did do back then remains relevant today because of the choice you made. You chose not to run the risk of going to prison for at least 25 years by taking the plea that called for you to serve ten years in prison followed by ten years of probation. That was a choice you made. You took the easier softer way, you didn't want to run the risk. The facts of your case demonstrate a very serious and egregious series of actions where you just didn't endanger your friend who because of you was killed, you endangered everybody on that road that night, all those police officers, all the people driving on the road. You led them on a high speed chase the wrong way up ramps that people were supposed to drive down, they threw things in the road to stop you, nothing was going to stop you, and that's why when you were charged with these crimes you faced at least 25 years in prison.

***

I'm not going to give you 25 years, but I'm not going to give you 7, I'm going to give you 15 years in state prison. And you need to understand that the reason you're getting that is not because people are mean, it's not because life is unfair, it's because you made decisions. And you need to think a little harder about how much further you have to go to really have been a changed man.

8

> Probation is revoked, 15 years in state prison, credit from time served 12/4 of 2012.

In context, and given the nature and substance of the discussions during the sentencing hearing, we conclude that the trial court articulated its clear and unequivocal intent that Gonzalez receive a <u>net</u> sentence of fourteen years and five months (i.e., fifteen years less the approximate seven months spent in jail awaiting his probation violation hearing and sentencing), and plainly rejected the State's earlier recommendation of a net sentence of seven to eight years. If we were to reverse and remand solely for the trial court to award the proper credit for time served against the fifteen-year sentence (i.e., six years and ten months), the net sentence would approximate the very sentence recommended by the State and rejected by the trial court.

It is clear and unequivocal from the record that the trial court intended Gonzalez to serve a net sentence of fourteen years and five months. Such a sentence is lawful, as the court could have sentenced him (at the <u>bottom</u> of the guidelines) to twenty-five years which, even with an award of all proper credit for time served, would have resulted in a net sentence of approximately eighteen years and two months. However, the manner in which the court attempted to effectuate this net sentence was not lawful, as the sentence failed to include the prior prison credit to which Gonzalez was entitled. Under these circumstances, reversal is

9

required but, consistent with our decision in <u>Toombs</u>, the cause is remanded for the trial court to restructure the sentence in such a way as to impose a lawful sentence consistent with the trial court's clear and unequivocally articulated original sentencing goal, while awarding Gonzalez all of the credit for time served to which he is legally entitled.

Reversed and remanded with instructions. Conflict certified.