# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2134
Lower Tribunal No. 02-4050
_____

**Nelson Vladimir Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria R. Brennan and Nushin G. Sayfie, Judges.

Nelson Vladimir Gonzalez, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

**ON MOTION TO ENFORCE MANDATE**

In Gonzalez v. State, 194 So. 3d 380 (Fla. 3d DCA 2016), Gonzalez appealed from an order denying his pro se motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We held that the sentence imposed upon Gonzalez (following a probation violation hearing) failed to properly award Gonzalez credit for prison time he had previously served on his probationary split sentence. However, we also held that an entirely new sentencing proceeding was unnecessary; instead, and in light of the clear and unequivocal intent of the trial court as articulated at the sentencing hearing, we remanded this cause to the trial court with directions to "restructure the sentence to reflect the trial court's articulated sentencing goal, while properly awarding the prison credit to which Gonzalez is entitled." Id. at 381.

Our opinion did not expressly require that Gonzalez be present and represented by counsel at the resentencing. Following our mandate, the original sentencing judge, without Gonzalez or his counsel being notified or present, entered a resentencing order on June 3, 2016, sentencing Gonzalez to twenty-five years in prison. The record contains no transcript of any proceeding at which this was accomplished, and we do not know the method by which the original sentencing judge determined that this amended sentence complied with our mandate. What we do know is that, because neither Gonzalez nor his counsel was

2

present at the resentencing, Gonzalez was not aware that the resentencing was taking place and was not aware of the entry of this order until after the time for filing a direct appeal had expired. Gonzalez filed this motion to enforce mandate contending, inter alia, that he had a right to be present and represented by counsel.

The State contends that our opinion, and the mandate which followed, merely required the trial court to undertake a ministerial task and that, therefore, Gonzalez did not have a right to be present for the resentencing. This statement of the law, however, is not precisely correct.[1] Instead, and as the Florida Supreme Court has held, a "defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion," but a "violation of the right to be present is subject to a harmless error analysis." Jordan v. State, 143 So. 3d 335, 338 (Fla. 2014).

This distinction is important, because the rule is a recognition of the basic constitutional principle that "a defendant has the right to be present in the

---

[1] To be fair, this court (including, regrettably, this author) has made the very same mistake of conflating the analysis and stating, as a principle of law, that a defendant does not have the right to be present at a resentencing which merely involves a ministerial task. See, e.g., Holmes v. State, 100 So. 3d 281 (Fla. 3d DCA 2012); Jordan v. State, 83 So. 3d 910 (Fla. 3d DCA 2012) (aff'd but criticized in 143 So. 3d 335 (Fla. 2014)); Velez v. State, 988 So. 2d 707 (Fla. 3d DCA 2008). Although it may be implicit in those cases that the defendant's absence from the resentencing was harmless error, the instant case illustrates the importance of starting the analysis with the proposition that a defendant does indeed have a right to be present and represented by counsel at resentencing, but recognizing that reversal of that sentence is not required if the State can establish that a violation of this right was harmless error.

courtroom at every critical stage of the proceeding." Jackson v. State, 767 So. 2d 1156, 1159 (Fla. 2000); Fla. R. Crim. P. 3.180(a)(9)(providing that "the defendant shall be present. . . at the pronouncement of judgment and the imposition of sentence.") The "ministerial act" is simply a recognized exception to that rule, and the failure to ensure a defendant's presence at resentencing, even if for a ministerial act, requires "the state to show beyond a reasonable doubt, that the error (absence) was not prejudicial." Jordan, 143 So. 3d at 339 (quoting Garcia v. State, 492 So. 2d 360, 264 (Fla. 1986)).

Here, the State cannot demonstrate that the error was harmless. Indeed, the record establishes that the sentence imposed following remand was erroneous: As discussed above, following our mandate, the original sentencing judge, on June 3, 2016 vacated the sentence and imposed a sentence of twenty-five years. It does not appear that this newly-imposed sentence comported with our directive that the trial court "restructure the sentence to reflect the trial court's articulated sentencing goal [of fourteen years and five months], while properly awarding the prison credit to which Gonzalez is entitled." Gonzalez, 194 So. 3d at 381.

In fact, after the original sentencing judge imposed this twenty-five year sentence on remand, the Florida Department of Corrections sent a letter to the trial court, asking for clarification of this new sentence. By that time, a successor judge had been assigned to the division and, after reviewing the matter, entered an order

on November 2, 2016 entitled "Order Clarifying and Resentencing Defendant." In that order, the successor judge acknowledged that the twenty-five year sentence imposed following remand "would result in a net sentence <u>of at least three (3) years longer than the Trial Court had unequivocally articulated on the record</u>." (Emphasis added.) Nevertheless, the successor judge reduced the sentence by only one and one-half years, to twenty-three years and six months.[2] As with the first resentencing order following remand, there is no record evidence that Gonzalez and his counsel knew of, or were present for, the proceeding at which the successor judge entered the clarified resentencing order. The presence and participation of Gonzalez and his counsel at either of these two resentencing proceedings certainly would have increased the likelihood that the resentencing order complied with our prior opinion and mandate.

We therefore grant the motion to enforce mandate, vacate the clarified resentencing order entered on November 2, 2016 (as well as the resentencing order of June 3, 2016) and remand for entry of a sentence that properly grants all

---

[2] It may well be that the clarified sentence of twenty-three years and six months (nunc pro tunc to the original sentencing date of June 25, 2013) does in fact achieve the original articulated sentencing goal of a net sentence of fourteen years and six months. However, the clarified sentencing order entered by the successor judge awarded jail credit "from 12/4/12 per court" (without indicating the appropriate end date for calculation purposes). Further, the sentencing order failed to include prior jail credit from 2/9/02 to 7/9/04 (the time Gonzalez spent in the county jail prior to the original plea and sentence in 2004), and did not indicate the actual amount of credit for prior prison time served.

5

previous jail and prison credit, and otherwise complies with the opinion and mandate previously issued in this cause. The defendant shall be present for, and represented by counsel at, the resentencing.