# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2019.

_____

No. 3D18-2019
Lower Tribunal No. 07-45456A

_____

**Teddie Charles Thomas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Teddie Charles Thomas, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and LOGUE, JJ.

EMAS, J.

Teddie Charles Thomas appeals from an order summarily denying his motion for postconviction relief. In his motion, Thomas alleges: In 2007, he was sentenced to seven years in prison followed by five years of probation. He was released from prison in 2015 and began serving the probationary portion of his sentence. He was arrested in April 2018 for violating his probation and, as a result, was sentenced on April 17, 2018 to 366 days in state prison, but was awarded only 17 days, an apparent reflection of credit for time spent in the county jail awaiting his violation of probation hearing. Thomas asserts that he did not waive the credit for the seven years previously served in prison, and that the trial court was required to credit that time against the sentence imposed following the violation of probation.

The trial court docket does not reflect that the State filed any response to Thomas' motion. The trial court summarily denied Thomas' motion on July 27, 2018. This appeal followed.

As a general rule, a defendant "sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless such credit is waived." Gonzalez v. State, 194 So. 3d 380, 382 (Fla. 3d DCA 2016) (quoting Dortly v. State, 197 So. 3d 1229, 1230 (Fla. 1st DCA 2013)). See also Sainvilus v. State, 689 So. 2d 1261, 1261-62 (Fla. 3d DCA 1997) (holding: "A prisoner who is

sentenced to prison for violating probation… is entitled to credit for time actually served in prison, prior to commencement of the probationary term").

On appeal, the State properly and commendably concedes that the trial court erred in summarily denying the motion without any record attachments (such as a transcript of the probation violation hearing or plea colloquy) conclusively refuting Thomas' claim that he did not waive his entitlement to credit for the prison time previously served on his split sentence. See, e.g., Brothers v. State, 959 So. 2d 1260 (Fla. 3d DCA 2007).

We therefore reverse and remand for the trial court to consider Thomas' claim on the merits or to enter a new order with record attachments conclusively refuting Thomas' claim that he did not waive his entitlement to credit for prison time previously served. Because Thomas' allegations, if true, would appear to entitle him to immediate release from prison, we direct the trial court to expedite this cause on remand.